# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ANGELITA CARANO-KING, <br> And GARY KING, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID J. BOGENSCHUETZ, <br> And SCA, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 6:19-cv-03361-MDH <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is Defendants' Motion to Strike Untimely Expert Designations and to Preclude These Experts from Offering Any Testimony/Opinions at Trial. (Doc. 53). Plaintiffs initially made expert disclosures on July 16, 2020. Plaintiffs untimely disclosed two additional experts on October 28, 2020, 16 days after Plaintiffs disclosed their other expert reports that were delayed due an unexpected retirement of one of Plaintiffs' experts.

"Federal Rule of Civil Procedure 16 permits [a] district court to set deadlines for the disclosure of evidence and to impose sanctions on a party for failing to meet a deadline." *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir. 2000). However, such sanctions should not be imposed where plaintiffs' "failure to meet a deadline was either harmless or substantially justified." *Id.* There are four factors in assessing the substantiality of any proffered justification for the failure to timely disclose, as well as the harmlessness of that failure: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would

arise from allowing the material to be used at Trial, or on a Motion; and, (4) the availability of a continuance to cure such prejudice. See *Citizens Bank v. Ford Motor Co.,* 16 F.3d 965, 966 (8th Cir.1994). Here, Here, plaintiffs meet both criteria for avoiding the imposition of sanctions. The Court finds that Plaintiffs meet both criteria for avoiding the imposition of sanctions. Defendants' Motion (Doc. 53) is therefore **DENIED**.

    Defendants request in their Reply (Doc. 62) that if the abovementioned Motion (Doc. 53) is denied that the trial setting be continued and that a new scheduling order be entered in the case. The parties are hereby **ORDERED** to submit an amended scheduling order within 15 days of this Order.

**IT IS SO ORDERED.**

Dated: January 12, 2021             /s/ Douglas Harpool
                                                           **DOUGLAS HARPOOL**
                                                           **United States District Judge**